UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHRISTINA SIVIN

Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, and
UNITED FEDERATION of TEACHERS WELFARE
FUND,

Defendants.
-----------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 1 0 2008 ★

LONG ISLAND OFFICE

VERIFIED COMPLAINT

Index No.: 08-

Jury Trial Demanded
on All Issues

CV - 08 3672

SEYBERT, J.

LINDSAY, M.

## COMPLAINT

Plaintiff, CHRISTINA SIVIN, (hereinafter "SIVIN") complaining individually, by her attorneys, the Law Offices of Louis D. Stober, Jr., LLC, respectfully alleges to this Court:

### PURPOSE OF ACTION

1. Plaintiff Sivin commences this civil action for the purpose of recovering appropriate remedies from the New York City Board of Education and the United Federation of Teachers WELFARE FUND for their violations of the Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA") requirements for Group Health Plans as set forth in the Employee Retirement Income Security Program (hereinafter "ERISA"), Chapter 18 of Title 29.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction of this action as a Federal Question under 28 U.S.C. § 1331.

3. Venue lies in this district in that the defendants reside or have offices within the State of New York, Queens County. Plaintiff, Sivin resides in Nassau County, New York.

## PARTIES

4.     Plaintiff, Sivin is a female citizen of the United States and the State of New York, and also resides in Nassau County.

5.     At all times relevant herein, defendant, the **NEW YORK CITY BOARD OF EDUCATION** (hereinafter "NYC Board") was and now is a municipal corporation and a public employer within the meaning of the Article 14 § 201(6)(a)(ii) of the New York Civil Service Law and a health plan sponsor under ERISA.

6.     At all times relevant herein, defendant, the **UNITED FEDERATION OF TEACHERS WELFARE FUND** (hereinafter "UFT") was and now is a health plan sponsor under ERISA.

## FACTS

7.     Plaintiff, Sivin, was an employee of the defendant, the New York City Board of Education.

8.     Sivin was employed as a Speech Therapist at PS 135, a public school in Queens County, New York.

9.     Plaintiff, Sivin, was a member of the United Federation of Teachers, an employee organization.

10.     On or about the beginning of the Fall 2007 school year, Sivin's position was increased to 3 days per week.

11.     After learning that Sivin would not receive extra money from the speech department, Sivin's principal, George Hadjoglou, instructed Sivin not to service mandated speech students.

12.     Instead, Sivin's principal, George Hadjoglou, instructed her to service children who were held over in grades one (1) and two (2).

13.     Sivin complied with the principal's instructions so as not to be forced to leave her job and search for new employment.

14.     Plaintiff, Sivin, was scheduled to go on maternity leave in January, 2008.

15.     Sivin's last day of work before going on maternity leave was January 8, 2008.

16.     Sivin gave birth to Charles Sivin, her son, on January 18, 2008.

17.     Sivin informed her principal, and the payroll secretary, that she would be taking twelve (12) weeks off.

18.     The twelve weeks would consist of six (6) weeks under maternity leave and six (6) weeks on FMLA leave.

19.     Sivin's principal, and the payroll secretary, did not object to plaintiff taking twelve (12) weeks leave.

20.     On or about two weeks after giving birth to her son, the payroll secretary informed Sivin that she might not be eligible to receive FMLA as a part-time speech therapist at PS 135.

21.     At this point, on or about five (5) weeks into maternity leave, plaintiff Sivin called and emailed the school to find out whether she needed to return after her six (6) weeks on maternity leave.

22.     Sivin wanted to make sure she complied with the school's information because it was of extreme importance that she retained her benefits she received through employment.

23.     Sivin never received a return phone call or email.

24.     A week after Sivin tried contacting the payroll secretary, her principal, George

Hadjoglou, called on Saturday March 1, 2008.

25.     Mr. Hadjoglou informed plaintiff Sivin that her program was cut during budget cuts and her position as a speech therapist was not there to return to work.

26.     Sivin had planned on returning to work in two (2) days, on March 3, 2008.

27.     Sivin is under the impression that Mr. Hadjoglou was aware of the information for at least a week before informing her.

28.     At no time, through the present, has Sivin received a COBRA notice from Defendant Board in order to continue her health insurance coverage.

29.     Mr. Hadjoglou did not provide Sivin with any information pertaining to benefits.

30.     Mr. Hadjoglou informed Sivin that someone would call her on Monday March 3, 2008 to discuss benefits with her.

31.     Plaintiff Sivin received no phone call on Monday March 3, 2008 to discuss benefits.

32.     At this point in time, Sivin has received no information relating to COBRA coverage.

33.     Sivin was completely unaware when and if her health insurance coverage was going to terminate.

34.     On or about March 10, 2008, Sivin received an email telling her that under her employment contract, F status employees (part-time), are not entitled to take Child Care leave.

35.     Plaintiff Sivin's health insurance benefits were retroactively terminated to before the birth of her child with no notice of her COBRA rights.

36.     As a result, Sivin was forced to pay out of pocket medical fees for the cost of the birth of her child, along with other medical costs as well.

37.    At the time Sivin took her leave the school never informed her that she would lose her coverage.

38.    The out-of-pocket costs and emotional hardship faced by Sivin are the result of defendant's violation of the COBRA requirements for the continuation of coverage under group health plans, as set forth in the ERISA statute.

39.    Sivin's out-of-pocket costs include, but are not limited to:

- $1,850 from GHI bills from pediatrician for her son Charles Sivin,

- $93.69 in bills for prescriptions for her daughter Isabelle Sivin,

- $877.38 for her husband Maxwell Sivin,

- $4,037.05 for medical insurance,

- $90.00 in dental fees for herself, &

- $185.27 from deductibles for prescription co-payments for her daughter Isabelle and her husband Maxwell.

- This amounts to a total of **$7,133.39** in out-of-pocket costs as of August 1, 2008.

40.    By letter dated August 15, 2008, the UFT notified Sivin that her prescription plan was being retroactively set to COBRA to February 2008 and that she had two weeks to pay all premiums due since February, 2008.

41.    Due to the actions of the defendants, plaintiff Sivin has been forced to expend over $2,850 in legal fees to date.


## COUNT I

## VIOLATION OF 29 U.S.C. 1161

42.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 inclusive, as fully set forth herein.

43.     29 U.S.C. § 1161(a) states that "The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan."

44.     Plaintiff Sivin is a covered employee pursuant to 29 U.S.C. § 1167(2), which states the definition of a covered employees as follows, "The term 'covered employee' means an individual who is (or was) provided coverage under a group health plan by virtue of the performance of services by the individual for 1 or more persons maintaining the plan under ERISA..."

45.     Furthermore, according to Geissal v. Moore, a "qualified beneficiary" entitled to make a COBRA election may be someone covered by the employer's plan because of their own employment. Geissal v. Moore, 524 U.S. 74.

46.     Sivin was provided coverage under a group health plan because of her job; therefore plaintiff is entitled to the protections of the COBRA continuation coverage of group health plans requirements.

47.     Moreover, as set forth in 29 U.S.C. § 1167(3), plaintiff's son Charles, who was born on January 18, 2008, is a qualified beneficiary. This provision, referring to a "qualified beneficiary", states that "Such term shall also include a child who is born to or placed for adoption with the covered employee during the period of continuation coverage under this part."

48.     Defendants' and their agents' actions herein violates ERISA and the COBRA requirements as set forth under 29 U.S.C. §§ 1161 & 1167.

## COUNT II

### VIOLATION OF 29 U.S.C. 1162

49.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 inclusive, as fully set forth herein.

50.    Plaintiff is a covered person under ERISA and is therefore entitled to the continuation of coverage protections provided under COBRA.

51.    Defendants' and their agents' actions herein violates ERISA and the COBRA requirements as set forth under 29 U.S.C. § 1162.

## COUNT III

### VIOLATION OF 29 U.S.C. 1163

52.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 inclusive, as fully set forth herein.

53.    Plaintiff is a covered person under ERISA and is therefore entitled to the continuation of coverage protections provided under COBRA.

54.    Plaintiff Sivin lost her health insurance coverage due to her loss of employment.

55.    As set forth in 29 U.S.C. § 1163, "the term 'qualifying event' means, with respect to any covered employee, any of the following events which, but for the continuation coverage required under this part, would result in the loss of coverage of a qualified beneficiary:"

56.    The loss of employment, as provided in paragraph 56, is included as a qualifying event upon which the protections of COBRA should follow.

57.    Pursuant to 29 U.S.C. § 1163(2), "The termination (other than by reason of such

employee's gross misconduct), or reduction of hours, of the covered employee's employment. As a result, plaintiff Sivin's suffered a qualifying event.

58.     Defendants' and their agents' actions herein violates ERISA and the COBRA requirements as set forth under 29 U.S.C. § 1163.

## COUNT IV

### VIOLATION OF 29 U.S.C. 1164

59.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 inclusive, as fully set forth herein.

60.     Plaintiff is a covered person under ERISA and is therefore entitled to the continuation of coverage protections provided under COBRA.

61.     Defendants' and their agents' actions herein violates ERISA and the COBRA requirements as set forth under 29 U.S.C. § 1164.

## COUNT V

### VIOLATION OF 29 U.S.C. 1165

62.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 inclusive, as fully set forth herein.

63.     Plaintiff is a covered person under ERISA and is therefore entitled to the continuation of coverage protections provided under COBRA.

64.     Plaintiff Sivin was never presented with the opportunity to elect to continue her health plan coverage under COBRA.

65.    Defendants' and their agents' actions herein violates ERISA and the COBRA requirements as set forth under 29 U.S.C. § 1165.

## COUNT VI

### VIOLATION OF 29 U.S.C. 1166

66.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 inclusive, as fully set forth herein.

67.    Plaintiff is a covered person under ERISA and is therefore entitled to the continuation of coverage protections provided under COBRA.

68.    Plaintiff never received notice, in any form, from her school, the plan administrator, or anyone else informing her as to her rights under COBRA.

69.    Plaintiff never received any documentation from her school, the plan administrator, or anyone else informing her as to her rights under COBRA.

70.    In accordance with Geissal, plaintiff is a qualified beneficiary under 29 U.S.C. §§ 1161 & 1167.

71.    The failure to provide notice in accordance with 29 U.S.C. § 1166 is a violation of ERISA and the requirements of COBRA.

72.    Defendants' and their agents' actions herein violates ERISA and the COBRA requirements as set forth under 29 U.S.C. § 1166.

**WHEREFORE,** Plaintiff respectfully request the following relief from this Court:

(a)    Declaring that the employment practices complained of in this complaint are unlawful in that they violate §§ 1161-1166 under the Employee Retirement Income Security

Program;

(b)     Declaring that the employment practices complained of in this complaint are a violation of the requirements of the Consolidated Omnibus Budget Reconciliation Act;

(c)     Ordering the Defendants to indemnify plaintiff Sivin for the out-of-pocket costs she has suffered as a result of Defendants' actions.

(d)     Granting plaintiff Sivin such other and further relief as the Court deems just and proper, as well as the costs and disbursements of this action;

(e)     Retaining jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance;

(f)     Ordering the Defendants to pay plaintiff Sivin's costs, expenses, interest and reasonable attorney's fees in connection with this action, pursuant to 29 U.S.C. § 1132;

(g)     Granting plaintiff Sivin a trial by jury on all issues; and

(h)     Granting such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
        September 3, 2008

THE LAW OFFICES OF LOUIS D. STOBER, JR. LLC
By:  LOUIS D. STOBER, JR. (LS 9318)
Attorneys for Plaintiff
350 Old Country Road
Suite 205
Garden City, New York 11530
(516) 742-6546

VERIFICATION

STATE OF NEW YORK          )
                                          :
COUNTY OF NASSAU          )

     **CHRISTINA SIVIN**, being duly sworn deposes and says:

     I am the Plaintiff in the within action; I have read the annexed Complaint, know the

contents thereof, and the same are true to my knowledge, except those matters therein which are

stated to be alleged on information and belief, and to those matters I believe them to be true.

                                                     CHRISTINA SIVIN

Sworn to before me this
**3 2** day of September, 2008

Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20 _10_