UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

CHRISTINA SIVIN,

                               Plaintiff,

    - against -

                                                      Case No. 08 CV 3672

NEW YORK CITY BOARD OF EDUCATION
and UNITED FEDERATION OF TEACHERS
WELFARE FUND,

                                          Judge Roslynn R. Mauskopf
                                          Magistrate Judge Roanne L. Mann

                               Defendants

--------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

      WHEREAS, Plaintiff, Christina Sivin ("Plaintiff"), commenced this matter by filing a complaint on September 10, 2008; and

      WHEREAS, the Parties understand and agree that United Federation of Teachers Welfare Fund, for itself and any and all present and former parent corporations, subsidiaries, divisions, affiliated entities including the United Federation of Teachers, predecessor entities, and their respective present and former officers, directors, principals, trustees, administrators, executors, agents, owners, attorneys, shareholders, employees, successors and assigns, individually and in their official capacities (collectively referred to herein for purposes of this settlement as "Welfare Fund"), denies each and every allegation of wrongdoing with respect to Plaintiff, including, but not limited to, any allegation contained in Plaintiff's Complaint; and

      WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement and General Release ("Agreement") nor anything contained herein shall, in any way, be construed or considered to be an admission by the Welfare Fund of

guilt, or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, Consolidated Omnibus Budget Reconciliation Act ("COBRA"), Employee Retirement Income Security Act ("ERISA"), contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

WHEREAS, the Court has made no findings as to the merits of this action; and

WHEREAS, the parties entered into a Settlement Agreement in principal before Hon. Roslynn R. Mauskopf on November 26, 2008; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein which pertain to Defendant; and

WHEREAS, the terms and conditions of this Agreement, including the general release incorporated herein, have been explained to the Parties by their counsel;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1.  In exchange for the promises made by Plaintiff contained in paragraph "2" below, the Welfare Fund agrees as follows:

    (a)  The Welfare Fund will either reimburse Plaintiff or direct pay the outstanding bills or bills which already have been submitted for payment as of the date of this Agreement, including medical bills, prescription drugs and dental, in the approximate sum of One Thousand ($1,000) Dollars. Plaintiff represents that there are no other claims other than those previously submitted to the Welfare Fund and waives all claims for payments not previously filed as of the date of this Agreement.

  (b) The Welfare Fund will provide continuation coverage for the additional period of eighteen (18) months commencing March 1, 2009. Plaintiff will commence making continuation coverage premium payments in the sum of $221.56 effective March 1, 2009 (subject to change after July 1, 2009) and the Welfare Fund waives premium payments for the past period.

  (c) In the event that a taxing authority or a court determines that the payments as set forth herein made to or on behalf of Plaintiff are subject to personal income tax, any taxes, interest or penalties owed by Plaintiff shall be the sole responsibility of the Plaintiff.

  2. In exchange for the promises made by Plaintiff in paragraph "1" above, the Plaintiff agrees as follows:

  (a) Plaintiff shall withdraw, in writing and with prejudice, the complaint herein.

  (b) Plaintiff voluntarily releases and forever discharges the Welfare Fund of and from any claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which she may have against the Welfare Fund as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of COBRA and ERISA.

  3. This Agreement may not be introduced in any proceeding, except to establish conclusively the settlement and release of the matters described herein, a breach of this Agreement, or the withdrawal and dismissal of the Lawsuit or the other proceedings referred to herein.

4. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

5. Plaintiff's claims asserted in the Lawsuit shall be dismissed, in their entirety and with prejudice, upon the Parties' joint stipulation. The Parties agree not to seek any interest, fees or costs from the Court, and agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Lawsuit. Plaintiff's counsel shall file with the United States District Court for the Eastern District of New York, the original Stipulation and Order of Dismissal with Prejudice, in the form attached hereto as Exhibit "A," which shall be signed by counsel for the parties, for issuance and entry by the Court.

6. This Agreement represents the complete understanding between the Parties, and fully supersedes any prior agreements or understandings between the parties.
Plaintiff acknowledges she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to sign this Agreement, except for those set forth in this Agreement. No other promises or agreements shall be binding or shall modify this Agreement unless in writing and signed by the Parties hereto, or by counsel for and on behalf of the Parties.

7. This Agreement is made in New York and shall be interpreted under the laws of said state. Its language shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

8. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be interpreted or modified so as to be enforceable, excluding the general release language in Paragraph 2, such provision shall

immediately become null and void, leaving the remaining provisions of this Agreement in full force and effect.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the Welfare Fund.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH "1" ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, AND CONSULTATION WITH HER COUNSEL, LOUIS D. STOBER, JR. ESQ., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANT UNITED FEDERATION OF TEACHERS WELFARE FUND.

2/12/09
Date

_____
Christina Sivin

2/18/09
Date

UNITED FEDERATION OF TEACHERS
WELFARE FUND

By: _____ Asst. Director

STATE OF NEW YORK, COUNTY OF

On the 12 day of February, in the year 2009, before me, the undersigned, personally appeared CHRISTINA SIVIN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20 10

STATE OF NEW YORK, COUNTY OF

On the 18th day of February, in the year 2009, before me, the undersigned, personally came Robert Burwick, to me known, who, being by me duly sworn, did depose and say that he/she is the Assistant Director of UNITED FEDERATION OF TEACHERS WELFARE FUND, the Welfare Fund described in and which executed the foregoing instrument; that he/she knows the seal of said Welfare Fund; that the seal affixed to said instrument is such Welfare Fund seal; that it was so affixed by order of the Board of Trustees of said Welfare Fund and that he/she signed his name thereby by like order.

RAYMOND C. SCHWARTZ
NOTARY PUBLIC, State of New York
No. 41-8876825
Qualified in Queens County
Commission Expires Sept. 30, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTINA SIVIN,

                      Plaintiff,           STIPULATION OF
                                              DISCONTINUANCE

- against -

                                             Case No. 08 CV 3672

NEW YORK CITY BOARD OF EDUCATION
and UNITED FEDERATION OF TEACHERS       Judge Roslynn R. Mauskopf
WELFARE FUND,                                   Magistrate Judge Roanne L. Mann

                      Defendants.

------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiff Christina Sivin and Defendant United Federation of Teachers Welfare Fund, through their undersigned counsel, who are authorized to execute this Stipulation, that Plaintiff's claims against this Defendant in the above-captioned action be dismissed, in their entirety, and with prejudice, and with no award of attorneys' fees, costs and/or disbursements to any party.

Dated: Great Neck, New York
          February 1, 2009

_____                           _____
LOUIS D. STOBER, JR., ESQ.                      JOEL SPIVAK, ESQ., Of counsel
Attorney for Plaintiff                                   MIRKIN & GORDON, P.C.
350 Old Country Road, Suite 205             Attorneys for United Federation of
Garden City, NY 11530                                Teachers Welfare Fund
(516) 742-7546                                           98 Cutter Mill Road, Suite 310N
                                                                Great Neck, NY 11021
                                                                 (516) 466-6030

It is SO ORDERED
this ____ day of _____, 2009

_____
             U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHRISTINA SIVIN,

                        Plaintiff,           STIPULATION OF
                                        DISCONTINUANCE

      - against -                      Case No. 08 CV 3672

NEW YORK CITY BOARD OF EDUCATION
and UNITED FEDERATION OF TEACHERS      Judge Roslynn R. Mauskopf
WELFARE FUND,                               Magistrate Judge Roanne L. Mann

                      Defendants.

-----------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiff Christina Sivin and Defendant United Federation of Teachers Welfare Fund, through their undersigned counsel, who are authorized to execute this Stipulation, that Plaintiff's claims against this Defendant in the above-captioned action be dismissed, in their entirety, and with prejudice, and with no award of attorneys' fees, costs and/or disbursements to any party.

Dated: Great Neck, New York
        February __, 2009

_____                       _____
LOUIS D. STOBER, JR., ESQ.              JOEL SPIVAK, ESQ., Of counsel
Attorney for Plaintiff                        MIRKIN & GORDON, P.C.
350 Old Country Road, Suite 205         Attorneys for United Federation of
Garden City, NY 11530                     Teachers Welfare Fund
(516) 742-7546                               98 Cutter Mill Road, Suite 310N
                                                      Great Neck, NY 11021
                                                      (516) 466-6030

It is SO ORDERED
this ____ day of _____, 2009

_____
        U.S.D.J.